# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LARISA MAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| vs. | ) |
| | ) |
| APRIA HEALTHCARE, LLC | ) |
| Please Serve: | ) |
| National Registered Agents, Inc. | ) |
| 120 South Central Avenue | ) |
| Clayton, Missouri 63105 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Larisa May ("Ms. May"), by and through her undersigned attorneys, brings these causes of action against Defendant Apria Healthcare, LLC ("Defendant Apria") for appropriate legal and equitable relief for disability discrimination and retaliation of under the Americans' With Disability Act of 1990, as amended, 42 U.S.C. §12101, et seq. ("ADA") and for violating the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §2601 et seq. ("FMLA"). In support of her claims she states, alleges and avers as follows:

## THE PARTIES

1. These causes of actions are for legal and equitable relief.

2. Plaintiff is a resident of Jackson County, Kansas, residing at 441 W. 10th Street, Kansas City, Missouri.

3. Plaintiff was an employee of the Defendant Apria at all relevant times.

4. Upon information and belief, Defendant Apria is a limited liability company organized and existing in accordance with the laws of the State of Delaware.

5. Upon information and belief, Defendant Apria is authorized to do business in the State of Missouri and can be served through its resident agent located in Clayton, Missouri.

6. Defendant Apria is an employer within the meaning of the ADA.

7. Defendant Apria is an employer within the meaning of the FMLA.

**JURISDICITON AND VENUE**

8. This Court has jurisdiction of the ADA cause of action pursuant to the provisions of 42 U.S.C. §12101, et seq. and 28 U.S.C. §§ 1331, 1332 and 1343.

9. This Court has jurisdiction of the claims under 29 U.S.C. §2601 et seq. pursuant to the provisions of 28 U.S.C. §§ 1331, 1332 and 1343.

10. The unlawful employment practices alleged in this complaint were, in part, committed within this judicial district.

11. Venue is proper within this Court pursuant to 28 U.S.C. § 1391(b).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12. On April 26, 2018, Ms. May filed a formal EEOC Charge of Discrimination alleging disability discrimination and retaliation under the ADA. See, Charge of Discrimination attached as Exhibit "A".

13. Ms. May filed her charge within 180 days of her termination.

14. By letter dated September 27, 2018, the Equal Employment Opportunity Commission, acting through its St. Louis Regional Office, issued its investigatory conclusion and Notice of Suit Rights. A copy of that decision and Notice of Suit Rights is attached hereto as Exhibit "B".

15. This cause of action was filed within 90 days of the receipt of the Notice of

Suit Rights.

16. All conditions precedent were met prior to filing this Complaint.

## **ALLEGATIONS COMMON TO ALL COUNTS**
**(Based upon information and belief, facts pled with particularity requiring full and complete disclosure pursuant to FRCP 26)**

17. On August 31, 2012, Ms. May began her employment with Defendant Apria as a Customer Quality Specialist at the Sleep Management Center.

18. In her position she was responsible to perform the following customer service functions:

   a. Respond to telephone, fax, electronic documents and web inquiries and orders from referral sources and Sleep Apnea patients.

   b. Receive referral requests for home equipment and services.

   c. Provides information on equipment supplies and services.

   d. Demonstrate professional etiquette and courtesy when interfacing with customers.

   e. Resolve patient/customer complaints by identifying problems, troubleshooting of equipment and coordinating appropriate corrective action.

   f. Assess patient needs and promotes company products and services.

   g. Comply with and adheres to all regulatory compliance areas, policies and procedures and best practices.

   h. Handle Inbound/Outbound phone calls and emails to patients and referrals.

   i. Follow Apria's procedures for all transactions.

j. Follow Apria's Quality program to ensure that we give the best service to all patients.

19. In 2015, Ms. May became a Patient Care Representative.

20. Her job duties were consistent with those enumerated above.

21. In May 2016, Ms. May was selected as one of the first Personal Care Representative to begin telecommuting to perform her job functions.

22. In her telecommuting position Ms. May was responsible to cover telephones in a manner as if she was physically at the Apria call center.

23. Ms. May performed her job duties at a satisfactory level.

24. On occasions when Ms. May was unable to cover the phone, she would inform her supervisor of her inability to cover her phone.

25. The periods of time Ms. May was unavailable to cover the phone was within the parameters permitted in Ms. May's position.

26. Ms. May did not have periods of time in which she was to cover the phones that she failed to perform the essential functions of her job.

27. In the fall of 2017, Ayslin Clifford began a series of communications that were designed to undermine my work performance.

28. In the fall of 2017, Sandra Allen, who is Ayslin Clifford's supervisor, began to engage in conduct designed to undermine my work performance.

29. I began to take anti-depressants due to my personal struggles as well as due to my treatment at the hands of Ms. Clifford and Ms. Allen.

30. My medications caused me to need to take intermittent breaks in order to stay focused and perform the essential functions of my job.

31. Provided I was able to take breaks from time to time I was able to perform the essential functions of my job without fail.

32. I informed Defendant Apria that I suffered from depression and had been given a medicine change which affected me.

33. I received regular communication from Ayslin Clifford challenging my work ethic and questioning my performance despite the fact that I met the performance expectation of a reasonable supervisor related to my being away from the phone during the day – "call outs".

34. Further Ayslin Clifford's communications with Ms. May questioned her parenting as well as her relationship with my spouse.

35. Ms. Clifford commented upon Ms. May's personal life despite Ms. May not wanting to discuss those topics with Ms. Clifford.

36. On November 28, 2017, Ms. May had a teleconference with Ayslin Clifford and Sandra Allen and discussed with them Ms. May's call outs.

37. Ms. May reiterated that Ms. May needed time during the day to allow Ms. May to perform the essential functions of her job.

38. On or about December 20, 2017, for the first time Ms. May received a written final warning that for the first time included that Ms. May engaged in "inappropriate instant messages" that challenged Ms. Clifford's treatment of Ms. May as well as the previously discussed "call out" issue.

39. Ms. May was informed that her telecommuting would cease immediately.

40. On December 21, 2017, Ms. May challenged the write up because it did not follow the procedures of Defendant Apria and further that Ms. May believed that she was being harassed and singled out.

41. In January of 2018, Ms. May requested the opportunity to take disability leave, as needed, due to her stress and anxiety that affected and impaired a major life activity.

42. Rather than allow Ms. May to take the leave, her supervisor, Ms. Clifford ramped up her criticism and attacks directed toward Ms. May.

43. Despite the fact that Ms. May articulated to Defendant Apria, both to her supervisor and to Human Resources personnel, that she suffered from conditions that would have made her eligible for protected leave under the Family and Medical Leave Act, Ms. May was not informed that she had the right, upon the appropriate medical certification, to take leave.

44. If Ms. May had been informed the she qualified for and had the right to take FMLA leave she would not have been subjected to the discrimination due to her workplace performance.

45. Finally, in January of 2018, Ms. May applied for and was granted intermittent leave under the FMLA.

46. Within five weeks of Ms. May being granted intermittent FMLA leave she was terminated.

**COUNT I**
**(Based upon information and belief, facts pled with particularity requiring full and complete disclosure pursuant to FRCP 26)**

**Disability Discrimination in Violation of The Americans with Disabilities Act, as**

**amended, 42 U.S.C. §12101, et seq.**

Ms. May, by and through her attorneys, and for Count I of her Complaint against the Apria Healthcare, LLC for Disability Discrimination under The Americans with Disabilities Act, as amended, 42 U.S.C. §12101, et seq., as amended, states as follows:

47. Ms. May hereby reiterates and incorporates by reference, as if fully set forth in this Count I each allegation contained in paragraphs 1 through 46 hereof.

48. Ms. May is a person with a disability as defined by the ADA.

49. Defendant Apria is an employer under the ADA.

50. Ms. May was capable of performing the essential functions of her job with a workplace accommodation of more frequent breaks.

51. Defendant Apria filed and refused to give Ms. May the reasonable accommodation of more frequent breaks despite Ms. May requesting such an accommodation.

52. Defendant Apria disciplined Ms. May due to her alleged failure to provide continuous coverage for phone calls when there were times that Ms. May needed a short break to allow her to perform those job duties.

53. Ms. May's breaks were not an undue burden upon her colleagues or Defendant Apria.

54. The following is a non-exhaustive summary of conduct which supports an inference that Defendant Apria terminated Ms. May because of her disability:

    a. Disciplining Ms. May for call outs during the day;

    b. Supervisors engaging in conduct designed to exacerbate Ms. May stress and anxiety;

  c. Supervisors participating in conversations after Ms. May's termination where the statement was made that "now the coocoo bird [Ma. May] is gone"; and,

  d. Failing to follow the proscribed progressive discipline policy of Defendant Apria.

55. Defendant Apria affected the term and conditions of Ms. May's workplace due to its failure to provide Ms. May with a reasonable accommodation that would have allowed Ms. May to perform the essential functions of her job.

56. The failure to provide the reasonable accommodation allowed Ms. May's supervisors to discipline her and eventually terminate her for alleged performance issues which would not have been present, if they were in fact present, provide Ms. May had been given the reasonable accommodation she should have been provided.

57. As a direct and proximate cause of Defendant Apria's actions, Ms. May has incurred and continues to incur, the following damages:

  a. lost wages and compensation including fringe benefits and retirement pay;

  b. lost future wages and benefits;

  c. mental and physical pain, anguish and distress; and

  d. damage to Ms. May's professional stature and reputation.

58. Ms. May's direct monetary damages and compensatory damages under the ADA are expected to exceed $75,000.00 plus mental anguish.

59. Defendant Apria's actions were intentional and willful or were taken with conscious disregard to the rights of Ms. May and as such constitute willful violations of the

ADA.

60. Ms. May is entitled to recover her reasonable attorneys' fees and costs which are expected to exceed $300,000 through trial of this matter.

WHEREFORE for Count I of her Complaint, Ms. May prays for judgment against Defendant Apria Healthcare, LLC as follows:

(a) that this Court adjudge and decree that Defendant Apria Healthcare, LCC has discriminated against Ms. May by terminating her as well as failing to provide her a reasonable accommodation in violation of ADA;

(b) order Defendant Apria Healthcare, LLC to make Ms. May whole for her loss of income she has suffered as a result of Defendant Apria Healthcare, LLC's unlawful employment practice, including but not limited to, (i) wage increases that would have been paid to Ms. May; (ii) back wages, vacation pay and sick leave; (iii) reimbursement of all retirement and social security contributions that would have been made had Ms. May been promoted and/or maintained her employment with Defendant Apria Healthcare, LLC; (iv) any and other monetary consideration and compensation including pre-judgment interest for damages suffered by her;

(c) order Defendant Apria Healthcare, LLC to reinstate Ms. May immediately to the position for which she is qualified with the appropriate increases in salary and benefits with no interruption in the time of service attributed to Ms. May's employment tenure;

(d) grant Ms. May a permanent injunction enjoining Defendant Apria Healthcare, LLC from discriminating against her based on her disability or retaliating against Ms. May and from further violating Ms. Newton's rights;

(e) award Ms. May compensatory damages up to $300,000 for the willful violations of the ADA;

(f) award Ms. May damages for the mental anguish, pain and suffering incurred by her due to the actions of Defendant Apria Healthcare, LLC in such amounts that are deemed fair and reasonable;

(g) order Defendant Apria Healthcare, LLC compensate Ms. May for the damage to her professional stature and reputation resulting from Defendant Apria Healthcare, LLC's unlawful employment practices;

(h) allow Ms. May her costs herein, including reasonable attorneys' fees; and,

(i) grant such additional affirmative relief as this Court deems just and proper.

## COUNT II
**(Based upon information and belief, facts pled with particularity requiring full and complete disclosure pursuant to FRCP 26)**

**Retaliation in Violation of The Americans with Disabilities Act, as amended, 42 U.S.C. §12101, et seq.**

Ms. May, by and through her attorneys, and for Count II of her Complaint against the Apria Healthcare, LLC for Retaliation under The Americans with Disabilities Act, as amended, 42 U.S.C. §12101, et seq., as amended, states as follows:

61. Ms. May hereby reiterates and incorporates by reference, as if fully set forth in this Count I each allegation contained in paragraphs 1 through 60 hereof.

62. Ms. May is a person with a disability as defined by the ADA.

63. Defendant Apria is an employer under the ADA.

64. Ms. May requested a reasonable accommodation under the ADA

65. Ms. May complained that she had been subjected to harassment and retaliation because she sought accommodations for her disability.

66. After requesting accommodations and engaging in the protected activity set forth in paragraph 63, Ms. May was retaliated against in the terms and conditions of her employment by Defendant Apria in that she was subjected to an overtly hostile work environment and was terminated.

67. The actions taken by Defendant Apria were based upon Ms. May requesting accommodations and engaging in the protected activity.

68. The actions taken by Defendant Apria, affected the terms, conditions and privileges of Ms. May's employment.

69. Defendant Apria terminated Ms. May.

70. As a direct and proximate cause of Defendant Apria's actions, Ms. May has incurred and continues to incur, the following damages:

    a. lost wages and compensation including fringe benefits and retirement pay;

    b. lost future wages and benefits;

    c. mental and physical pain, anguish and distress; and

    d. damage to Ms. May's professional stature and reputation.

71. Ms. May's direct monetary damages and compensatory damages under the ADA are expected to exceed $75,000.00 plus mental anguish.

72. Defendant Apria's actions were intentional and willful or were taken with conscious disregard to the rights of Ms. May and as such constitute willful violations of the ADA.

73. Ms. May is entitled to recover her reasonable attorneys' fees and costs which are expected to exceed $300,000 through trial of this matter.

WHEREFORE for Count II of her Complaint, Ms. May prays for judgment against Defendant Apria Healthcare, LLC as follows:

(a) that this Court adjudge and decree that Defendant Apria Healthcare, LCC has discriminated against Ms. May by terminating her as well as failing to provide her a reasonable accommodation in violation of ADA;

(b) order Defendant Apria Healthcare, LLC to make Ms. May whole for her loss of income she has suffered as a result of Defendant Apria Healthcare, LLC's unlawful employment practice, including but not limited to, (i) wage increases that would have been paid to Ms. May; (ii) back wages, vacation pay and sick leave; (iii) reimbursement of all retirement and social security contributions that would have been made had Ms. May been promoted and/or maintained her employment with Defendant Apria Healthcare, LLC; (iv) any and other monetary consideration and compensation including pre-judgment interest for damages suffered by her;

(c) order Defendant Apria Healthcare, LLC to reinstate Ms. May immediately to the position for which she is qualified with the appropriate increases in salary and benefits with no interruption in the time of service attributed to Ms. May's employment tenure;

(d) grant Ms. May a permanent injunction enjoining Defendant Apria Healthcare, LLC from discriminating against her based on her disability or retaliating against Ms. May and from further violating Ms. Newton's rights;

(e) award Ms. May compensatory damages up to $300,000 for the willful violations of the ADA;

(f) award Ms. May damages for the mental anguish, pain and suffering incurred by her due to the actions of Defendant Apria Healthcare, LLC in such amounts that are deemed fair and reasonable;

(g) order Defendant Apria Healthcare, LLC compensate Ms. May for the damage to her professional stature and reputation resulting from Defendant Apria Healthcare, LLC's unlawful employment practices;

(h) allow Ms. May her costs herein, including reasonable attorneys' fees; and,

(i) grant such additional affirmative relief as this Court deems just and proper.

## COUNT III
**(Based upon information and belief, facts pled with particularity requiring full and complete disclosure pursuant to FRCP 26)**

**Violation of the Family and Medical Leave Act, as amended, 29 U.S.C. §2601 et seq.**

Ms. May, by and through her attorneys, and for Count III of her Complaint against the Apria Healthcare, LLC for Violation of the Family and Medical Leave Act, as amended, 29 U.S.C. §2601, et seq., states as follows:

74. Ms. May hereby reiterates and incorporates by reference, as if fully set forth in this Count I each allegation contained in paragraphs 1 through 73 hereof.

75. Defendant Apria employed fifty or more employees for 20 or more calendar weeks in 2017 and 2018 within 75 miles of Defendant Apria's location where Ms. May worked.

76. Ms. May was employed by Defendant Apria for more than twelve months in January of 2017.

77. In the proceeding twelve months prior to January 2017, Ms. May worked at least 1250 hours.

13

78. In January 2017, Ms. May suffered from depression, stress and anxiety that required medical treatment and medication.

79. In 2017, Ms. May had "call outs" due to her medical condition.

80. Ms. May was written up for "call outs".

81. Despite being on notice of Ms. May's serious health condition, Defendant Apria failed to inform Ms. May that she was eligible for FMLA.

82. Despite being on notice of Ms. May's serious health condition, Defendant Apria failed to provide Ms. May with FMLA forms.

83. By failing to inform Ms. May that she was eligible for FMLA protections Defendant Apria violated the FMLA.

84. By failing to provide Ms. May with the forms to enable her to take leave under the FMLA, Apria violated the FMLA.

85. As a direct and proximate cause of Defendant Apria's actions, Ms. May has incurred and continues to incur, the following damages:

    a. lost wages and compensation including fringe benefits and retirement pay; and

    b. lost future wages and benefits.

86. Ms. May is entitled to liquidated damages in an amount equal to the damages set forth in paragraph 83.

87. Ms. May is entitled to recover her reasonable attorneys' fees and costs which are expected to exceed $300,000 through trial of this matter.

WHEREFORE for Count III of her Complaint, Ms. May prays for judgment against Defendant Apria Healthcare, LLC as follows:

(a) that this Court adjudge and decree that Defendant Apria Healthcare, LCC has violated the Family and Medical Leave Act;

(b) order Defendant Apria Healthcare, LLC to make Ms. May whole for her loss of income she has suffered as a result of Defendant Apria Healthcare, LLC's unlawful employment practice, including but not limited to, (i) wage increases that would have been paid to Ms. May; (ii) back wages, vacation pay and sick leave; (iii) reimbursement of all retirement and social security contributions that would have been made had Ms. May been promoted and/or maintained her employment with Defendant Apria Healthcare, LLC; (iv) any and other monetary consideration and compensation including pre-judgment interest for damages suffered by her;

(c) order Defendant Apria Healthcare, LLC to reinstate Ms. May immediately to the position for which she is qualified with the appropriate increases in salary and benefits with no interruption in the time of service attributed to Ms. May's employment tenure;

(d) order Defendant Apria Healthcare, LLC to pay liquidated damages in an amount equal to the award of back pay and benefits and front pay and benefits;

(e) allow Ms. May her costs herein, including reasonable attorneys' fees; and,

(f) grant such additional affirmative relief as this Court deems just and proper.

## COUNT IV
**(Based upon information and belief, facts pled with particularity requiring full and complete disclosure pursuant to FRCP 26)**

**Retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. §2601 et seq.**

Ms. May, by and through her attorneys, and for Count IV of her Complaint against the Apria Healthcare, LLC for Violation of the Family and Medical Leave Act, as amended,

15

29 U.S.C. §2601, et seq., states as follows:

88. Ms. May hereby reiterates and incorporates by reference, as if fully set forth in this Count I each allegation contained in paragraphs 1 through 87 hereof.

89. Defendant Apria employed fifty or more employees for 20 or more calendar weeks in 2017 and 2018 within 75 miles of Defendant Apria's location where Ms. May worked.

90. Ms. May was employed by Defendant Apria for more than twelve months in January of 2017.

91. In the proceeding twelve months prior to January 2017, Ms. May worked at least 1250 hours.

92. In January of 2018, Ms. May requested intermittent leave under the FMLA.

93. Ms. May's physician certified her medical condition qualifying Ms. May for medical leave.

94. In response and in retaliation for Ms. May seeking leave under the FMLA, Defendant Apria terminated Ms. May on February 14, 2018, only five weeks after Ms. May was granted intermittent leave under the FMLA.

95. As a direct and proximate cause of Defendant Apria's actions, Ms. May has incurred and continues to incur, the following damages:

    a. lost wages and compensation including fringe benefits and retirement pay; and

    b. lost future wages and benefits.

96. Ms. May is entitled to liquidated damages in an amount equal to the damages set forth in paragraph 83.

97. Ms. May is entitled to recover her reasonable attorneys' fees and costs which are expected to exceed $300,000 through trial of this matter.

WHEREFORE for Count IV of her Complaint, Ms. May prays for judgment against Defendant Apria Healthcare, LLC as follows:

(a) that this Court adjudge and decree that Defendant Apria Healthcare, LCC has retaliated against Ma. May in violated the Family and Medical Leave Act;

(b) order Defendant Apria Healthcare, LLC to make Ms. May whole for her loss of income she has suffered as a result of Defendant Apria Healthcare, LLC's unlawful employment practice, including but not limited to, (i) wage increases that would have been paid to Ms. May; (ii) back wages, vacation pay and sick leave; (iii) reimbursement of all retirement and social security contributions that would have been made had Ms. May been promoted and/or maintained her employment with Defendant Apria Healthcare, LLC; (iv) any and other monetary consideration and compensation including pre-judgment interest for damages suffered by her;

(c) order Defendant Apria Healthcare, LLC to reinstate Ms. May immediately to the position for which she is qualified with the appropriate increases in salary and benefits with no interruption in the time of service attributed to Ms. May's employment tenure;

(d) order Defendant Apria Healthcare, LLC to pay liquidated damages in an amount equal to the award of back pay and benefits and front pay and benefits;

(e) allow Ms. May her costs herein, including reasonable attorneys' fees; and,

(f) grant such additional affirmative relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Ms. May demands trial by jury on all issues in the complaint triable to a jury.

        Respectfully submitted,

        NASTEFF & QUINN, LLC


        /s/ R. Mark Nasteff, Jr.
| | |
|---|---|
| R. Mark Nasteff, Jr. | MO# 38015 |
| Amy D. Quinn | MO# 66166 |

        Nasteff & Quinn, LLC
        118 North Water Street
        Liberty, Missouri 64068
        Telephone Number: (816) 792-3529
        Telecopier Number: (816) 781-9885
        marknasteff@naqlaw.com
        amyquinn@naqlaw.com

        *Attorneys for Larisa May*